# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONELL FITZGERALD,**

    **Petitioner,**

    **-v-**                                     **Case No. 03-C-495**

**DANIEL BERTRAND,**

    **Respondent.**

## DECISION AND ORDER

Ronell Fitzgerald ("Fitzgerald") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Fitzgerald is serving a sixty year prison sentence in the Green Bay Correctional Institution for the offense of felony murder during the course of an armed robbery. Fitzgerald pled guilty to that offense, but subsequently requested that the Wisconsin Circuit Court withdraw his guilty plea. The Wisconsin Circuit Court denied his motion to withdraw his guilty plea.

Fitzgerald challenged his conviction on direct appeal to the Wisconsin Court of Appeals, in which he argued that the state trial court abused its discretion by not allowing him to withdraw his guilty plea under Wisconsin's "fair and just reason" standard. *See State v. Shanks*, 152 Wis.2d 284, 290 (Ct. App. 1989) (listing the various factors to

consider when determining whether a defendant has a "fair and just reason" to withdraw his guilty plea). In his reply brief before the Wisconsin Court of Appeals, Fitzgerald's counsel expressly disavowed any challenge under the Due Process Clause of the United States Constitution that the guilty plea was involuntarily entered. (Ex. F at 5.)

Fitzgerald's habeas petition raises one ground for relief. He alleges that his guilty plea was involuntarily induced, in violation of the Due Process Clause. In its answer, the respondent argued that Fitzgerald cannot raise a federal Due Process claim in his habeas petition because Fitzgerald never presented that issue to the state court. A writ of habeas corpus "shall not be granted" if an applicant has not "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Accordingly, because Fitzgerald never raised a due process claim in state court, it appears the Court must dismiss his habeas petition.

However, Fitzgerald responded to the respondent's answer with a request to stay his petition and hold it in abeyance so that he can return to state court and exhaust his due process claim. Fitzgerald is asking for a "stay-and-abeyance" procedure, which the United States Supreme Court expressly disfavors. *See Rhines v. Weber*, 544 U.S. 269, 276-277 (2005). The Supreme Court stated that the "stay-and-abeyance" procedure undermines the twin goals of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which are to encourage finality and to streamline federal habeas corpus proceedings. *Id.* at 277. Thus, the Supreme Court held that the "stay-and-abeyance"

2

procedure should only be used in "limited circumstances" when the petitioner shows "good cause." *Id.* at 277.

Here, Fitzgerald said that he did not first present a due process claim in state court because he was having trouble getting pertinent legal information and understanding "the system." However, Fitzgerald had counsel representing him on direct appeal, and his counsel expressly stated in his reply brief that he was not raising a federal due process claim. Fitzgerald does not have good cause to stay his petition and hold it in abeyance. The Court will, therefore, dismiss his habeas petition.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Fitzgerald's Motion to Stay (Docket No. 17) is **DENIED**.

Fitzgerald's "Motion to Amend" (Docket No. 18) is **DENIED**.

Fitzgerald's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED**.

The clerk is directed to close this case and enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2006.

                                    **SO ORDERED,**

                              s/ Rudolph T. Randa
                              **HON. RUDOLPH T. RANDA**
                              Chief Judge